IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES SUTTON                                                                                         PLAINTIFF

v.                                         Case No. 4:23-cv-04018

SEVIER COUNTY, ARKANSAS;
ROBERT GENTRY, Officially and in
his Individual capacity; WENDELL
RANDALL, Officially and in his
Individual capacity; JEFF WAHLS,
Officially and in his Individual capacity;
ISAAC ALVARADO, Officially
and in his Individual capacity; BRIAN
HANKINS, Officially and in his Individual
capacity; JERRY PICKETT; JUDY
PICKETT; and JAMES PICKETT                                                                       DEFENDANTS

### MEMORANDUM OPINION and ORDER

Before the Court is a Motion for Summary Judgment filed by Defendants Jerry Pickett, Judy Pickett, and James Pickett ("Pickett Defendants"). (ECF No. 37). Plaintiff has responded. (ECF No. 48). The Court finds the matter ripe for consideration.

### I.   BACKGROUND

This case arises from a property dispute between Plaintiff and Defendants Jerry Pickett ("Defendant Jerry") and Judy Pickett ("Defendant Judy"). The following facts are undisputed for purposes of this motion unless noted.[1]  Plaintiff contends that his family owns the property at issue, which is comprised of "eighty (80) acres" and a separate area of "three (3) acres," and thus he has the right to be on the property. (ECF No. 48-2, at 1-2). The Pickett Defendants—who also contend that they own the land—are currently in possession of the disputed eighty (80) acres, three (3) acres, and

---

[1] The Court notes that neither Plaintiff nor the Pickett Defendants supported their Statement of Facts by citing to materials in the record. However, for the purposes of the instant motion the Court will consider as undisputed those facts that Plaintiff states are undisputed. (ECF No. 37-2; ECF No. 48-1, at 1-2). *See* Fed. R. Civ. P. 56(e)(2).

another undisputed "fifty-five (55) acres." (ECF No. 37-2, at 2). Following Plaintiff's visit to the property, a warrant for his arrest was issued for trespass. Plaintiff was arrested, and the charges were later dismissed. (ECF No. 37-2, at 2). Plaintiff then brought the instant civil action against the Pickett Defendants and Defendants Sevier County, Robert Gentry, Wendell Randall, Jeff Wahls, Brian Hankins, and Isaac Alvarado ("County Defendants").

On February 28, 2011, the Pickett Defendants purchased eighty (80) acres from members of Plaintiff's family. (ECF No. 37-2, at 1).[2] On June 25, 2019, Plaintiff and members of his family signed a stipulation—in a previously concluded quiet title case—stating that any previous decree or deed concerning the eighty (80) acres was void. *Id*. The Pickett Defendants were not parties to the stipulation even though they were record title holders at the time the stipulation was signed. *Id*. On August 20, 2019, Plaintiff filed an action in state court, citing the stipulation, and attempted to take possession of the eighty (80) acres from the Pickett Defendants. *Id*. at 2. On March 16, 2020, this action concluded with a directed verdict in favor of the Pickett Defendants.[3] (ECF No. 4-7, at 3). The state court noted in a single sentence that Plaintiff and the Pickett Defendants appeared to be tenants in common of the disputed property.[4] *Id*. Plaintiff and the Pickett Defendants currently have another quiet title action pending in Sevier County Circuit Court.[5] (ECF No. 48-1, at 6). As of October 14, 2020, the Pickett Defendants had record title to the disputed three (3) acres, disputed eighty (80) acres, and an undisputed fifty-five (55) acres. (ECF No. 37-2, at 2).

On October 14, 2020, Plaintiff and his cousin entered on the disputed three (3) acres, drove through the disputed eighty (80), acres and then reached the undisputed fifty-five (55) acres where

---

[2]Plaintiff agrees that the Pickett Defendants purchased the land, however, he disputes that the transaction was legitimate.
[3]*Sutton v. Pickett*, 2021 Ark. App. 452, at 5, 638 S.W.3d 313, 217 (2021) later affirmed the lower state court's ruling. Further, based on the filings from this case, it appears that the Pickett Defendants' argument was that the parties were tenants in common with Plaintiff.
[4]Exhibit 2020 Order. (ECF No. 4-7).
[5]*James Sutton Jr. et al v. Jerry D. Pickett et al*, 67CV-22-51 (Sevier Co. Cir. Ct.).
https://caseinfo.arcourts.gov/opad/case/67CV-22-51

2

they met Defendant James Pickett ("Defendant James").[6] (ECF No. 37-2, at 2). Plaintiff then engaged in a conversation with Defendant James. *Id*. During the conversation Defendant James disagreed with Plaintiff regarding Plaintiff's right to be on the property, and Defendant James then called Defendant Judy and informed her of the situation. *Id*. Defendant Judy then called the Sevier County Sheriff's Office. *Id*. Upon the arrival of the deputies, both Defendant Judy and Defendant Jerry told them that Plaintiff entered the property without permission, including the undisputed fifty-five (55) acres. *Id*. Sevier County Sheriff's Office then charged and arrested Plaintiff for criminal trespass pursuant to Ark. Code Ann. § 5-39-203. However, Plaintiff's criminal trespass charge was later dropped upon Plaintiff's agreement to stay off the property for several months.[7] *Id*.

On March 1, 2023, Plaintiff filed his Complaint against County Defendants and the Pickett Defendants. (ECF No. 2). In his complaint, Plaintiff asserts three claims against the Pickett Defendants: (1) conspiracy in violation of 42 U.S.C. §§ 1983 and 1985 against the Pickett Defendants and County Defendants; (2) malicious prosecution against the Pickett Defendants; and (3) abuse of process against the Pickett Defendants. (ECF No. 4, at 15-18).

## II. STANDARD OF REVIEW

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is

---

[6] Plaintiff disputes this fact in part, stating that he only entered the fifty-five (55) acres by around thirty yards to have a conversation with Defendant James. (ECF No. 48-1, at 1).

[7] Plaintiff disputes this fact in part, stating that it was not until the instant action that there was any claim his arrest was for trespassing on the undisputed fifty-five (55) acres and that the agreement to dismiss the trespass makes no mention of the fifty-five (55) acres.

material only when its resolution affects the outcome of the case. *Id*. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256.

### III.  DISCUSSION

As an initial matter, Plaintiff brings claims of conspiracy in violation of 42 U.S.C. §§ 1983 and 1985 against the Pickett Defendants. The Pickett Defendants do not address these claims. However, "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999) (holding that because "the plaintiffs have failed to establish that a state actor violated their rights under the Constitution or laws of the United States, their claims against the private actors must also fail." (citing *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997))). The Court has already granted summary judgment in favor of the County Defendants on the section 1983 conspiracy claim. (ECF No. 55, at 11-12). Thus, Plaintiff has failed to establish that a state actor violated his rights and therefore his section 1983 claim against the Pickett Defendants, who are private actors, must fail.

4

The Court moves now to the section 1985 claim. Plaintiff argues that "[t]he manner in which the defendants have conducted themselves, making and/or granting requests that are out of line with the law, how parties have represented their positions, and principles of equality and fairness, support a conspiracy finding." (ECF No. 48, at 14). To prove a 42 U.S.C. § 1985 claim, a plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving another of the 'equal protection of the laws, or of equal privileges and immunities under the laws;' (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004). As the Court has already determined in its previous order (ECF No. 55, at 12), Plaintiff presents no facts or arguments that show a conspiracy between the County Defendants and the Pickett Defendants. Plaintiff's section 1985 claim fails for the same reasons stated in the Court's previous opinion. (ECF No. 55, at 11-12). Accordingly, the Pickett Defendants are entitled to summary judgment on the 42 U.S.C. §§ 1983 and 1985 conspiracy claims against them.

### A. Malicious Prosecution

The Court will now analyze the malicious prosecution and abuse of process claims against the Pickett Defendants. Plaintiff does not specify in his amended complaint whether he brings federal or state law claims for malicious prosecution and abuse of process. However, the Court will infer Plaintiff brings these claims under Arkansas state law and will review them as such.

For Plaintiff to establish malicious prosecution under Arkansas law, he must show: "(1) a proceeding brought or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Stokes v. S. States Co-op., Inc.*, 651 F.3d 911, 915-16 (8th Cir. 2011) (quoting *Sundeen v. Kroger*, 355 Ark. 138, 142, 133 S.W.3d 393, 395 (2003)). "The failure of one element renders a malicious-prosecution case defunct." *Patrick v. Tyson Foods, Inc.*, 2016 Ark. App. 221, at 10, 489 S.W.3d 683, 692 (citation omitted). The test for probable cause in a

malicious prosecution claim is "an objective one based not upon the accused's actual guilt, but upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused to be guilty." *Wal-Mart Stores, Inc. v. Yarbrough*, 284 Ark. 345, 348, 681 S.W.2d 359, 361 (1984). "Generally, ordinary caution is a standard of reasonableness and an issue for the jury." *Taylor v. Doss*, 2016 Ark. App. 288, at 4, 494 S.W.3d 456, 459 (2016) (citing *Wal-Mart Stores, Inc.*, 284 Ark. at 348, 681 S.W.2d at 361)). "However, when the facts relied on to establish probable cause are undisputed, the question of whether probable cause exists is one for the courts." *Id*. When deciding if there is probable cause in a malicious prosecution claim, "the court generally concentrates on the facts before the action commenced." *Sundeen*, 355 Ark. at 154, 133 S.W.3d at 397.

"Malice has been defined as any improper or sinister motive for instituting the suit." *Patrick*, 2016 Ark. App. at 11, 489 S.W.3d at 692 (citation omitted). "Malice can be inferred from the lack of probable cause." *Id*. (citing *Wal-Mart Stores, Inc. v. Williams*, 71 Ark. App. 211, 217, 29 S.W.3d 754, 758 (2000)). However, when probable cause exists "and there is no strong evidence of malice, a charge of malicious prosecution cannot succeed. *Sundeen*, 355 Ark. at 147, 133 S.W.3d at 398 (citation omitted).

Plaintiff can show three elements of his malicious prosecution claim: (1) Plaintiff was charged with criminal trespass after a report from the Pickett Defendants; (2) the charges were then dropped against Plaintiff; and (3) Plaintiff suffered damages from the events.[8] Thus, the Court will focus on the existence of probable cause for the proceeding.

The Pickett Defendants state that Plaintiff entered onto the disputed eighty (80) acres and then onto the undisputed fifty-five (55) acres. The Pickett Defendants argue that it is undisputed Plaintiff entered the fifty-five (55) acres without permission. Plaintiff disputes whether he was arrested for being on the fifty-five (55) acres or the eighty (80) acres. Plaintiff argues that the Pickett

---

[8]Plaintiff states "[He] had to go to jail, bond out, deal with a criminal case hanging over his head for close to two years, and has been scared away from the land for many years." (ECF No. 48, at 4). The Court infers—as it has had to do several times throughout this case—that Plaintiff is referring to the damages he suffered.

Defendants fail to mention his purpose for being there was to inform them he would be hunting on the disputed eighty (80) acres. Plaintiff then emphasizes the slightness of his entry onto the fifty-five (55) acres. Plaintiff also argues that Defendant James did not ask Plaintiff to leave and that Plaintiff had a defense for being on the property. Plaintiff further argues that the record reflects the trespass was for the eighty (80) acres instead of the fifty-five (55) acres.

Plaintiff's arguments do not counter the undisputed fact that he entered the Pickett Defendants' fifty-five (55) acres in front of Defendant James and stayed enough time to have a short conversation. That Plaintiff only entered the undisputed land by thirty yards does not change the fact he was on the undisputed land owned by the Pickett Defendants. Further, Plaintiff's argument that his situation fits within multiple defenses to the trespass does not present a genuine dispute of fact. Defenses to trespass do not preclude a person from being charged with trespass altogether, such defenses are raised after the event takes place. Thus, the Court finds that the Pickett Defendants had probable cause—in the context of malicious prosecution—for the proceedings which is enough to render the malicious prosecution claim defunct.[9]

### B. Abuse of Process

Plaintiff also brings an abuse of process claim against the Pickett Defendants. To establish this claim pursuant to Arkansas law a plaintiff must show: "(1) a legal procedure set in motion, whether properly or improperly, that is (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a willful act after the issuance of the process that is not proper in the regular conduct of the proceeding." *Smith v. Cavalry SPV I, LLC*, No. 3:17-CV-3028, 2017 WL 3981144, at *3 (W.D. Ark. Sept. 11, 2017) (citing *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 844-45 (8th Cir. 2009)). "The test of abuse of process is whether judicial process is used to extort or coerce." *Brooks v. First State Bank, N.A.*, 2010 Ark. App. 342, at 7, 374 S.W.3d 846, 851. "The key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which

---

[9] The Pickett Defendants do not address the element of malice in their brief.

the process was not designed." *Sundeen*, 355 Ark. at 147, 133 S.W.3d at 399 (citations omitted). The Supreme Court of Arkansas has described "abuse of process as 'a narrow tort.'" *Union Nat. Bank of Little Rock v. Kutait*, 312 Ark. 14, 18, 846 S.W.2d 652, 655 (1993) (citing *Farm Serv. Co-op., Inc. v. Goshen Farms, Inc.*, 267 Ark. 324, 337, 590 S.W.2d 861, 868 (1979)). "A 'vexatious' lawsuit is not enough; indeed, abuse of process is more difficult to prove when the action is based on probable cause." *Brooks*, 2010 Ark. App. 342, at 8, 374 S.W.3d 846, 851.

The Pickett Defendants provide no arguments in support of their summary judgment on this claim other than that Plaintiff has no rights to the undisputed fifty-five (55) acres and that Plaintiff trespassed on the undisputed property. Plaintiff contends that the proceedings indicated that his arrest was for his presence on the disputed land. Plaintiff argues that the facts show the Pickett Defendants did this for the purpose of scaring him away from the land. Plaintiff also argues that the agreement to drop the criminal trespass charges required him to stay away from the disputed land that he claims co-tenancy or ownership over. Plaintiff further states:

> [T]his activity took place despite the fact that the Pickett[] [Defendants] have repeatedly asserted to courts that they are cotenants with the [Plaintiff and his family], received a title insurance payment greater than the purchase price they paid for the land, which can only be an indication that the [Pickett Defendants] know they lack full, clear title, and were frustrated by [Plaintiff]'s coming to the property, all support the conclusion that their purpose was to accomplish what they have not done or, indeed, ever actually sought to do in the court system: Keep [Plaintiff] off his ancestral land. (ECF No. 48, at 7).

It is undisputed that Plaintiff's charges were dropped pursuant to an agreement for Plaintiff to stay off the land. The Pickett Defendants provide no clarification as to how or why this agreement was reached. However, critically, Plaintiff provides no facts or arguments to show that the Pickett Defendants influenced the prosecuting attorney's decision to propose the agreement to Plaintiff. The Court can find no evidence that would allow an inference of coercive actions or efforts to extort Plaintiff while criminal charges were pending other than Plaintiff's speculation.

Plaintiff argues that the Pickett Defendants' previous assertions to the state courts that both parties are co-tenants supports a finding for abuse of process. However, abuse of process is a narrow tort and even considering the facts in the light most favorable to Plaintiff, the Court fails to see how the Pickett Defendants arguing they are co-tenants in previous actions rises to the level of coercion or extortion in the instant action. Plaintiff's argument ignores the crux of abuse of process claims under Arkansas law that it is the improper use of the process once the process has started that is important. *See Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 232, 238, 980 S.W.2d 240, 243 (1998) (finding abuse of process when, after causing the plaintiff's arrest over an alleged stolen vehicle, defendant admitted that all he wanted was money from the plaintiff and he would drop the charges, and admitted that he knew the vehicle was still on the car lot but did not ask to drop the charges); *see also Farm Credit Leasing Servs. Corp. v. Smith*, No. 4:19-CV-00280-KGB, 2021 WL 1209359, at *4 (E.D. Ark. Mar. 30, 2021) (finding that there was no process abused by the non-moving party after the initiation of the action).

Plaintiff has not presented any facts that could show the Pickett Defendants willfully had Plaintiff arrested to recover the disputed eighty (80) and three (3) acres or that during Plaintiff's criminal trespass proceedings the Pickett Defendants coerced Plaintiff into accepting an agreement to stay away from the property. Here, the Court cannot find signs of coercion or extortion that took place after Plaintiff was arrested other than vague speculation from Plaintiff. Thus, the Court fails to see how the Pickett Defendants have willfully perverted the judicial process, or coerced/extorted Plaintiff. Accordingly, the Court finds that summary judgment is appropriate as to the abuse of process claim.

IV. **CONCLUSION**

For the reasons stated above, the Court finds that the Pickett Defendants' Motion for Summary Judgment should be and hereby is **GRANTED**.

1. The Pickett Defendants are **GRANTED** summary judgment on all conspiracy claims against them.

2. The Pickett Defendants are **GRANTED** summary judgment on the malicious prosecution claim against them.

3. The Pickett Defendants are **GRANTED** summary judgment on the abuse of process claim against them.

A judgment of even date shall issue.

**IT IS SO ORDERED**, this 6th day of March, 2025.

                                              /s/ Susan O. Hickey
                                              Susan O. Hickey
                                              Chief United States District Judge